UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAWRENCE WALLACE,

        Plaintiff,

v.                                    Case No. 5:20-cv-421-Oc-39PRL

FNU BAILEY, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, Lawrence Wallace, a federal inmate, initiated this case by filing a pro se civil rights complaint under Bivens[1] (Doc. 1; Compl.) and a motion to proceed as a pauper (Doc. 2). Plaintiff does not expressly identify which constitutional right he believes the four named Defendants violated, though his allegations implicitly speak to a First Amendment violation. Plaintiff asserts that Defendant Bailey, who was assigned to help him read and write, held on to his legal documents and did not tell him about a deadline to respond to a motion for summary judgment, which resulted in his case being dismissed. See Compl. at 5. Plaintiff does not attribute factual allegations to the other

---

[1] In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

three Defendants. However, in explaining his exhaustion efforts in section VII of the civil rights complaint form, Plaintiff says Defendants Monlyn and Lester retaliated against him. Id. at 7. He does not explain why or in what manner they retaliated against him. As relief, Plaintiff seeks compensatory damages in the amount of $500,000, or "whatever the Court deems best." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under

some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Generally, when a plaintiff has a viable Bivens claim, a court will apply case law interpreting § 1983 cases. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). Importantly, however, claims arising under Bivens are not coextensive with those arising under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts: gender discrimination in the workplace and deliberate indifference to serious medical needs in prison. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14, 21 (1980)).

The Supreme Court has expressly declined to extend Bivens remedies in multiple contexts, including for violations of the First Amendment. Id. at 1857; accord Iqbal, 556 U.S. at 675 (recognizing the Supreme Court has

3

"declined to extend Bivens to a claim sounding in the First Amendment"); Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). The Eleventh Circuit has highlighted the Supreme Court's hesitation to extend Bivens remedies to First Amendment claims. See, e.g., Johnson v. Burden, 781 F. App'x 833, 836 (11th Cir. 2019) ("[T]he Supreme Court has repeatedly confirmed that it has not extended a Bivens remedy to First Amendment claims."); Rager v. Augustine, 760 F. App'x 947, 953 (11th Cir. 2019) ("[I]t is by no means clear that a damages remedy is warranted for a First Amendment retaliation claim . . . .").

The last time the Court was asked to recognize a new implied right of action, it emphasized that "expanding the Bivens remedy is now a 'disfavored' judicial activity." Ziglar, 137 S. Ct. at 1857 (quoting Iqbal, 556 U.S. at 675). Thus, the Court urges district courts to exercise "caution before extending Bivens remedies into any new context." Id. The Court defines a "new context" as one that "diff[ers] in a meaningful way from previous Bivens cases decided by th[e] Court." Id. at 1859.

Plaintiff's claims are meaningfully different from those cases in which the Court has extended Bivens remedies to redress serious constitutional violations: unreasonable search and seizure; gender discrimination in the workplace; and deliberate indifference to serious medical needs in prison.

4

Bivens, 403 U.S. at 397; Davis, 442 U.S. at 248; Carlson, 446 U.S. at 19. Because Plaintiff's claim differs in a meaningful way from those previously recognized, it arises in a "new context." See Ziglar, 137 S. Ct. at 1859.

Finding Plaintiff's claim presents a new Bivens context, the Court now must consider whether Bivens remedies should be extended under the circumstances Plaintiff presents. Id. at 1860. Where Congress has not extended a right of action, courts should refrain from creating Bivens remedies in "any new context . . . . if there are special factors counselling hesitation." Id. at 1859 (quoting Carlson, 446 U.S. at 18). One such factor may be the availability of alternative remedies to address the alleged harm. Id. at 1858. A second factor that may counsel hesitation is "legislative action suggesting that Congress does not want a damages remedy" in a particular context. Id. at 1865.

Here, the second factor—legislative action—counsels hesitation in this case. In 1995, Congress passed the PLRA, which denies compensatory or punitive damages to prisoners who suffer no physical injury, such as in First Amendment claims. The Court in Ziglar noted, "[T]hat Congress does not want a damages remedy is itself a factor counseling hesitation." Id. at 1865. The Court explained:

> Some 15 years after Carlson was decided, Congress passed the [PLRA] of 1995, which made comprehensive changes to the way prisoner abuse

5

> claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. … [T]he Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. Given Congress's active role in managing prisoner litigation, this Court hesitates to extend a Bivens remedy in this new context.

Another factor counsels hesitation as well. Assuming a First Amendment claim for a denial of access to the courts could be cognizable under Bivens, Plaintiff's claim is questionable at best. To succeed on a claim for a denial of access to the courts, a plaintiff must demonstrate an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted).

Plaintiff alleges Defendant Bailey's conduct caused him to miss a deadline to respond to a motion for summary judgment in a case he initiated in the United States District Court for the Central District of California,

which was dismissed.² See Compl. at 4-5, 9. The Court takes judicial notice of the relevant orders in that case. See Wallace v. Garibay, No. EDCV 16-2046 MWF(SS), 2018 WL 6204583, at *1 (C.D. Cal. Sept. 14, 2018), report and recommendation adopted, No. EDCV162046MWFSS, 2018 WL 6198458 (C.D. Cal. Nov. 28, 2018), aff'd, 812 F. App'x 714 (9th Cir. 2020).

Plaintiff, indeed, did not respond to the defendants' motion for summary judgment, even after having been granted an extension of time in which to do so. Id. Despite his lack of response, however, the court credited as evidence Plaintiff's pro se verified complaint and decided the case on the merits, id. at *2 n.6, *6, adopting the magistrate judge's thorough, lengthy report and recommendation. The court found video evidence blatantly contradicted Plaintiff's allegations that he sustained injuries and was severely beaten to the point of unconsciousness. Id. at * 7 ("[T]he undisputed medical evidence – including the video-recorded medical examination – demonstrates that Plaintiff was uninjured and had no medical complaints immediately following the March 20, 2016 incident."). The Ninth Circuit Court of Appeals affirmed the decision, emphasizing that "video evidence and medical examinations flatly contradict[ed] Wallace's claims of sexual assault

---

² As noted, aside from a vague, conclusory assertion, Plaintiff attributes no factual allegations to the other Defendants. Thus, he fails to state a claim against them under federal pleading standards.

and other injuries." See Wallace v. Garibay, 812 F. App'x 714, 715 (9th Cir. 2020) (internal punctuation omitted).

Even more, in light of Ziglar, which was decided after Plaintiff initiated his case in the Central District of California, it appears the claim he pursued—excessive force—was not actually cognizable under Bivens. Indeed, the magistrate judge noted in her report and recommendation—issued after Ziglar was decided—that the defendants argued Plaintiff's claim was not cognizable under Bivens. See Wallace, 2018 WL 6204583 at *5 n.9. The judge declined to rule on that issue, though, finding the defendants were otherwise entitled to summary judgment because video evidence contradicted his allegations about the defendants' conduct and about whether he sustained injuries. Id. at *7, *9 n.14. If Plaintiff's underlying claim was not cognizable, he could not have suffered a constitutional injury even if the dismissal of the action was the fault of Defendant Bailey.

For the above reasons, Plaintiff's complaint is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Lawrence Wallace